# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ALVIN ZARCHARY SAMUEL,

      Defendant-Appellant.

UNPUBLISHED
June 21, 2018

No. 336499
Wayne Circuit Court
LC No. 16-006350-01-FC

---

Before: SWARTZLE, P.J., and SHAPIRO and BOONSTRA, JJ.

SHAPIRO, J. (*concurring/dissenting*).

I concur with the majority's opinion rejecting defendant's challenges to his convictions and his claim that the trial court punished defendant for his refusal to admit guilt.

I conclude, however, that we must remand this case for resentencing because the record does not indicate that the sentencing judge took the sentencing guidelines into account or stated the reasons the judge chose to depart from their recommendation.[1] At the outset of the sentencing hearing, the guidelines were calculated at 126 to 210 months. Defense counsel requested a sentence at the lower end of the guidelines, and reminded the court that this was defendant's first conviction and that he was 19 years old. The prosecution did not seek a departure sentence. After the victim's statement was read and defendant spoke, the sentencing judge imposed a sentence of 19-40 years imprisonment. The 19-year minimum is equivalent to 228 months, i.e., 18 months longer than the highest sentence under the guidelines.

The sentencing judge made no reference to the fact that the sentence imposed was a departure from the guidelines nor even that it was considering the guidelines in imposing sentence. Once the guidelines calculation was agreed to at the outset of the hearing, they were not mentioned again by the court. In *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015), the Supreme Court held that the guidelines are advisory rather than mandatory, but noted their continuing importance stating:

---

[1] The sentencing judge did not try the case, but there was no objection to him imposing sentence.

> Sentencing courts must, however, continue to consult the applicable guidelines range and take it into account when imposing a sentence. Further, sentencing courts must justify the sentence imposed in order to facilitate appellate review.

See also, *People v Steanhouse*, 500 Mich 453, 474-475; 902 NW2d 327 (2017) (holding that the advisory guidelines "remain a highly relevant consideration in a trial court's exercise of sentencing discretion") (quotation marks and citations omitted).

Although the majority attempts to construct a justification for the departure sentence, I find no basis to do so in the absence of a statement from the sentencing judge that he intended to depart from the guidelines and the reasons for doing so. It is for the trial court to set forth its reasoning, not for us to do so after the fact. Before imposing sentence, the trial court stated its view that the defendant is a sexual predator and that he had not yet accepted that his behavior is abnormal. However, these were not offered as reasons to depart from the guidelines and they are undoubtedly true of many sex offenders.

Accordingly, I would remand for resentencing.

/s/ Douglas B. Shapiro